**IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

JAMES AND HELEN WIMER,

    Plaintiff,                              CASE NO.:

v.

GLOBAL ARES, LLC AND VRBO
HOLDINGS, INC,

    Defendants.
_____/

# EXHIBIT A

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT
IN AND FOR OSCEOLA COUNTY, FLORIDA

JAMES WIMER and HELEN WIMER,
    Plaintiffs,

v.

CASE NO.:

GLOBAL ARES, LLC, a Florida Corporation,
and VBRO HOLDINGS, INC., a foreign
corporation,
    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiffs, JAMES WIMER and HELEN WIMER, his wife, by and through the undersigned attorneys, and sues the Defendants, GLOBAL ARES, LLC, a Florida Corporation, and VBRO HOLDINGS, INC., a foreign corporation, and would state as follows:

### *General Allegations*

1. This is an action for damages in excess of Fifty Thousand ($50,000.00) Dollars.

2. At all times material hereto, Defendant, GLOBAL ARES, LLC (hereinafter referred to as "GLOBAL ARES") was a corporation duly organized and existing under the laws of the State of Florida, doing business and/or owning property in Osceola County, Florida.

3. At all times material hereto Defendant, VBRO HOLDINGS, INC. (hereinafter referred to as "VBRO") was a foreign corporation authorized to do business in the State of Florida, doing business in Osceola County, Florida.

4. On or about December 7, 2021, Defendant, GLOBAL ARES, owned the building and real property located at 3121 Paradox Circle, #301, Kissimmee, Osceola County, Florida, that was open to the short term renters.

5. On or about December 7, 2021, Defendant, GLOBAL ARES, operated, managed, and controlled the dwelling unit at 3121 Paradox Circle, #301, Kissimmee, Osceola County Florida.

6. At all times material hereto, the Defendant, GLOBAL ARES, acted by and through its agents, employees or servants, who acted within the course and scope of their agency, service or employment.

7. At all times material hereto, Plaintiff JAMES WIMER AND HELEN WIMER, his wife, were upon Defendant GLOBAL ARES's premises as a business invitees.

## COUNT I
(vs. GLOBAL ARES)

8. Plaintiff hereby reaffirms and realleges paragraphs 1 through 7.

9. At all times material to this cause of action, Defendant, GLOBAL ARES, owed a duty of reasonable care to maintain its premises in a reasonably safe condition for the safety of business invitees on the premises, including Plaintiff JAMES WIMER AND HELEN WIMER, his wife.

10. At all times material to this cause of action, Defendant, GLOBAL ARES, had a duty to employ reasonable efforts to keep its premises free from an unreasonably slippery bathroom that might foreseeably give rise to loss, injury or damage.

11. On or about December 7, 2021, Plaintiff, JAMES WIMER, was a guest on Defendant GLOBAL ARESS's premises in the dwelling unit when suddenly and without warning, Plaintiff, JAMES WIMER fell because of an unreasonably shower that included a very slippery floor and lack any type of non-slip safety device resulting in injuries to Plaintiff as hereinafter described.

12. The dangerous condition existed for a sufficient length of time such that the Defendant, GLOBAL ARES, should or could have known of its existence.

13. The Defendant, GLOBAL ARES, its agents, servants and/or employees, were negligent in the following manner, among other things:

    a. In failing to provide a safe place for guests on their property;

    b. In failing to provide a premises that would safely accommodate guests;

    cc. In carelessly and negligently creating, permitting, or allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

    d. In failing to provide proper and/or adequate lighting;

    e. In failing to inspect, discover and correct the aforementioned dangerous condition;

    f. In carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition;

    g. In failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same; and/or

    h. In failing to exercise reasonable care in the maintenance, inspection, repair, warning and mode of operation of the business premises.

14. As a result, Plaintiff, JAMES WIMER suffered bodily injury and resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of earnings, loss of ability to earn money and aggravation of a previously existing condition. The losses are permanent or continuing in nature and the Plaintiff will suffer such losses in the future.

**WHEREFORE**, Plaintiff JAMES WIMER sues the Defendant, GLOBAL ARES, for compensatory damages in an amount in excess of $50,000.00, inclusive of interest and costs, along

with such other relief this Court may deem just and demands a trial by jury of all issues triable as of right by a jury.

## COUNT II
(vs. VBRO)

15. Plaintiff, JAMES WIMER and HELEN WIMER, his wife, reaffirms and realleges the allegations contained in paragraphs 1 through 7.

16. The Defendants, VBRO and GLOBAL ARES, had a business relationship whereby GLOBAL ARES would list its property for short term rental. VBRO would then act as agent representing the property to the public as a safe and convenient place to rent for a short term. VBRO was paid for its services.

17. VBRO, acting as agent for GLOBAL ARES, represented that the property was in a safe and well-maintained condition.

18. The Plaintiff, JAMES WIMER, has incurred medical expenses arising from an injury that occurred on the premises owned by GLOBAL ARES at 3121 Paradox Circle, #301, Kissimmee, Osceola County, Florida, which is the premises covered by the business arrangement between GLOBAL ARES and VBRO.

19. The Plaintiff, JAMES WIMER medical expenses arise from an injury that occurred during the relevant period of the business arrangement.

20. At all times material to this cause of action, Defendant, VBRO, had a duty to employ reasonable efforts to keep the premises free from an unreasonably unsafe parking lot that might foreseeably give rise to loss, injury or damage.

21. On or about December 7, 2021, Plaintiff, JAMES WIMER, was a guest on Defendant GLOBAL ARESS's premises in the dwelling unit when suddenly and without warning,

Plaintiff, JAMES WIMER fell because of an unreasonably shower that included a very slippery floor and lack any type of non-slip safety device resulting in injuries to Plaintiff as hereinafter described.

22. The dangerous condition existed for a sufficient length of time such that the Defendant, GLOBAL ARES and its agent, VBRO, should or could have known of its existence.

23. The Defendant, VBRO, its agents, servants and/or employees, were negligent in the following manner, among other things:

   a. In failing to provide a safe place for guests on their property;

   b. In failing to provide a premises that would safely accommodate guests;

   c. In carelessly and negligently creating, permitting, or allowing a condition to remain on the premises which involved unreasonable risk of harm to another person;

   d. In failing to provide proper and/or adequate lighting;

   e. In failing to inspect, discover and correct the aforementioned dangerous condition;

   f. In carelessly and negligently failing to take reasonable precautions to guard or protect Plaintiff against said dangerous or hazardous condition;

   g. In failing to properly warn Plaintiff of the dangerous condition or to provide proper protection against the same; and/or

   h. In failing to exercise reasonable care in the maintenance, inspection, repair, warning and mode of operation of the business premises.

24. As a result, Plaintiff, JAMES WIMER suffered bodily injury and resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical nursing care and treatment, loss of earnings, loss of

ability to earn money and aggravation of a previously existing condition. The losses are permanent or continuing in nature and the Plaintiff will suffer such losses in the future.

**WHEREFORE**, Plaintiff JAMES WIMER sues the Defendant, VBRO, for compensatory damages in an amount in excess of $50,000.00, inclusive of interest and costs, along with such other relief this Court may deem just and demands a trial by jury of all issues triable as of right by a jury.

## COUNT III
(Consortium vs. GLOBAL ARES)

25. Plaintiff, JAMES WIMER and HELEN WIMER, his wife, reaffirms and realleges the allegations contained in paragraphs 1 through 7.

26. At all times material to the cause of action, Plaintiff, HELEN WIMER was the lawful spouse of Plaintiff, JAMES WIMER and by reason of aforesaid negligence has been deprived of the society, companionship and consortium assistance and services in and about the home and will continue to be deprived in the future.

**WHEREFORE**, Plaintiff HELEN WIMER demands judgment for damages against the Defendant, GLOBAL ARES. **A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

## COUNT IV
(Consortium vs. VBRO)

27. Plaintiff, JAMES WIMER and HELEN WIMER, his wife, reaffirms and realleges the allegations contained in paragraphs 1 through 7.

28. At all times material to the cause of action, Plaintiff, HELEN WIMER was the lawful spouse of Plaintiff, JAMES WIMER and by reason of aforesaid negligence has been deprived of

the society, companionship and consortium assistance and services in and about the home and will continue to be deprived in the future.

**WHEREFORE**, Plaintiff HELEN WIMER demands judgment for damages against the Defendant, VBRO.  **A TRIAL BY JURY IS HEREBY DEMANDED ON ALL ISSUES SO TRIABLE.**

Dated this 21st day of March 2023

/s/Beach A. Brooks
Beach A. Brooks, Jr., Esquire
Florida Bar No.: 397776
The Brooks Law Group, P. A.
123 First Street North
Winter Haven, FL 33881
Beach@brookslawgroup.com
Irasay@brookslawgroup.com
Tel:    (863) 299-1962
Fax:    (863) 299-8890
Attorney for Plaintiff